UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MICHAEL L. WINSTON
        PLAINTIFF,

VS.                          CASE NO:

Michael Hannah, et al.
Damon Camarata
And John does (1-10)
        Sued and their individual and official capacity
        DEFENDANTS,

16-C-1420

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. 1983

### A. PARTIES

**The plaintiff** Michael L. Winston is a citizen of Wisconsin, and is located at CCI, P.O. Box 900, Portage Wisconsin 53901.

**The defendant** Michael Hannah, Damon Camarata, and John Does are citizens of Wisconsin, and are located at Milwaukee Count Jail 949 N. 9th street, Milwaukee, Wisconsin 53233

**CLAIM (1): Cruel and unusual punishment/deliberate indifference:**

1. The plaintiff Michael L. Winston is a 34 year old prisoner with a history of mental health issues and prior treatment for those issues at Milwaukee county jail for paranoid delusions and suicide attempts.
2. On April 21, 2016 he was transferred back to the jail from Columbia correctional institution for criminal post conviction proceedings.
3. On April 22, 2016 Winston confessed to the pod guard that he was having suicidal thoughts and thinking about killing himself.
4. A psych social worker (PSW) Damon Camarata was summons to speak with Winston.
5. The PSW informed Winston that he would not move him to special needs unless he admitted to having a plan to self harm.

1

6. Winston expressed a plan and it was decided he would be moved and placed on observation.
7. Instead of taking Winston to the mental health unit he was transferred to pod 4-D and placed on observation status.
8. Lt. Hannah and other defendants John Does (1-10) begin to curse Winston and accuse him of not being really suicidal.
9. They then provided him with a regular mattress that was severely damaged with string hanging from it indication that they were not taking Winston suicidal thoughts seriously.
10. They then placed Winston on nutri-Loaf a strong indication that Winston was being punished for nutri-loaf is only issued to those prisoners charged with the commission of rule infractions in which Winston had not committed.
11. On April 23, 2016 early morning first shift Winston requested again to be taken to special needs were he belonged and was denied by John Does (1-10).
12. Mr. Winston informed the officers during breakfast pass that he had string from his mattress and that he would hang himself if not moved.
13. The officers ignored the threat and left the pod.
14. Several minutes later Winston was observed by those same officers attaching the string from his mattress to a ceiling fixture and then around his neck and leaping from his sink.
15. Emergency assistance had to be summons and the noose cut from around Winston neck preventing the suicide from occurring.
16. Instead of taking Winston to special needs Winston was once again denied even after informing the PSW and security staff that he would bang his head on the sink if he was not moved.
17. Officers removed the damaged mattress in which should have never been in Winston possession in the first place, replaced it with a suicide mattress and placed Winston back in the cell.
18. They then let another prisoner out of his cell for recreational purposes minutes after the incident occurred and watched as he approach the plaintiff cell spoke briefly with him, returned to his own cell and then return back to Winston cell door with a bed sheet sliding it under his cell door.
19. The officers entered the pod and demanded that Winston give them the sheet and Winston refused.
20. They then cursed Winston and then informed him that if he wanted to kill him self to "go on ahead" just wait until second shift so that they did not have to deal with it.

21. They then left the pod laughing.
22. On second shift Winston attached the bed sheet to the same ceiling fixture and then around his neck and again leaped from his sink.
23. The second time around the attempt was almost fatal. Winston was hanging several inches from the floor by his neck and immediately begins to experience affixation and loss of consciousness.
24. Winston does not remember how long he was out only that he regained consciousness to find several nurses and other officials attending to him.
25. After the second attempt it was finally decided that Winston would be moved to special needs.
26. Winston would later learned that those same guards who mistreated him and demonstrated deliberated indifference towards his mental and physical well being was also responsible for the death of prisoner Terrill Thomas who died earlier the next morning at 1:30PM April 24th, 2016.

## B. JURISDICTION

THIS COURT HAS JURISDICTION OVER THE PLAINTIFF CLAIMS IN VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §§ 1331 AND 1343. THIS COURT ALSO HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF STATE LAW TORT CLAIMS UNDER 28 U.S.C. § 1367.

## C. REQUEST FOR RELIEF

A. **Issue a declaration judgment stating:**
   1. That the defendants conduct violated the plaintiffs rights under the United State and Wisconsin constitution.

B. **Award compensatory damages in the amount of:**
   1. $250,000 jointly and severally each against Michael Hannah, Damon Camarata, and all John doe defendants.

C. **Award punitive damages in the amount of:**

1. $10,000,000 (Ten million dollars) against all defendants

2. Grant such other relief as it may appear that plaintiff is entitled.

Dated __14__ Day of __october__, 2016

Michael L. Winston #296952  
CCI  
PO BOX 900  
Portage, WI 53901

respectfully submitted

*[signature]*

Michael L. Winston