UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL L. WINSTON,

        Plaintiff,

v.

MICHAEL HANNAH, DAMON CAMARATA, and JOHN DOES 1 - 10,

        Defendants.

Case No. 16-CV-1420-JPS

**ORDER**

The plaintiff, who is incarcerated at Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The plaintiff has been assessed and paid an initial partial filing fee of $0.77. 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief

Page 2 of 7

Case 2:16-cv-01420-JPS   Filed 12/13/16   Page 2 of 7   Document 9

above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that in April 2016, he was incarcerated in the Milwaukee County Jail (the "Jail"). (Docket #1 at 1). He told a social worker at the Jail, Damon Camarata ("Camarata"), about having suicidal thoughts. *Id.* Camarata decided that the plaintiff should be moved to "special needs," which is apparently a separate area of the Jail apart from the general population.

The plaintiff was not moved to the "special needs" area, but instead taken to an "observation status" cell. *Id.* at 2. There, he told Michael Hannah ("Hannah"), a lieutenant, and the John Doe defendants, other correctional officers, about his suicidal thoughts. *Id.* They did not seek treatment for the plaintiff, but merely "cursed" him for faking his mental illness. *Id.* Further, they gave the plaintiff a regular mattress containing strings which could be used for suicide attempts. *Id.* The officers allegedly observed the plaintiff attempting suicide by hanging himself using those strings. *Id.* They cut the noose off of the plaintiff's neck and replaced his mattress with a suicide mat. *Id.*

Minutes later, another inmate then provided the plaintiff with a bed sheet, as the officers looked on. *Id.* The officers asked the plaintiff to give the sheet, but he refused, so they left his cell laughing. *Id.* The plaintiff later attempted to hang himself with the sheet. *Id.* at 3. He remembers waking up and being tended to by nurses. *Id.* After the second attempted suicide, the plaintiff was moved to the "special needs" unit. *Id.*

The plaintiff states that the defendants' conduct violated the United States and Wisconsin constitutions. *Id.* However, he identifies no provision of the Wisconsin constitution which was allegedly violated. As to the United States constitution, the plaintiff identifies his claim as "cruel and unusual punishment/deliberate indifference[.]" *Id.* at 1. In the context of attempted suicide, such a claim is made pursuant to the Eighth Amendment. The *Collins* case described the claim's elements:

> A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and a subjective element: (1) the harm that befell the prisoner must be objectively,

> sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety. [*Matos ex. rel. Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003)] (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). In prison suicide cases, the objective element is met by virtue of the suicide itself, as "[i]t goes without saying that 'suicide is a serious harm.' " *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir.2001).
>
> Where the harm at issue is a suicide or attempted suicide, the second, subjective component of an Eighth Amendment claim requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk. *Matos*, 335 F.3d at 557.

*Collins v. Seeman*, 462 F.3d 757, 760-61 (7th Cir. 2006). The plaintiff's complaint adequately alleges that he made it known he would attempt suicide, and actually attempted suicide, and that the defendants did little or nothing until after the second attempt. The plaintiff states this claim only against Hannah and the John Does, however. He fails to state any facts showing liability for Camarata; it appears that Camarata responded appropriately to his suicidal thoughts, but his order to send the plaintiff to "special needs" was simply ignored.

The plaintiff will, therefore, be allowed to proceed on the following claim: Hannah and the John Doe defendants' deliberate indifference to a serious risk to the plaintiff's health and safety, namely suicide, on or about April 2016, in violation of the Eighth Amendment.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant Damon Camarata be and the same is hereby **DISMISSED** from this action as the plaintiff fails to state any claims against him;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of plaintiff's complaint and this order will be electronically sent to Milwaukee County for service on the Milwaukee County defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, the defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined;

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

        Office of the Clerk
        United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS; doing so will only delay the processing of this matter. As each filing will be electronically scanned and entered on the docket upon receipt by the Clerk of Court, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the Court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge