# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL L. WINSTON,

      Plaintiff,

v.

MICHAEL HANNAH, LT. TOWNS, ERIN QUANDT, OFFICER DANZLER, OFFICER EMANUELE, and JOHN DOES 1 - 10,

      Defendants.

Case No. 16-CV-1420-JPS

**ORDER**

  The Court addresses several of Plaintiff's pending motions.[1] On April 13, 2017, Plaintiff filed a motion seeking a *Pavey* hearing, which involves taking testimony on the issue of exhaustion of administrative remedies. *See Wagoner v. Lemmon*, 778 F.3d 586, 590-92 (7th Cir. 2015). This motion is premature and must be denied as such. Exhaustion of remedies is an affirmative defense Defendants may raise on summary judgment, and their time to do so has not expired. Further, the Court would almost certainly deny such a motion even if it were filed at the appropriate time; Plaintiff must submit appropriate documentary evidence and argument to oppose Defendants' assertion of this defense, rather than relying on testimony at a hearing.

  On April 27, 2017, Plaintiff filed a motion to strike Defendants' affirmative defenses. (Docket #29). Motions to strike answers and

---

[1] The Court will not address Plaintiff's motion for summary judgment, filed on April 11, 2017, as the briefing on that motion is not complete. (Docket #21). The same is true for Plaintiff's motions to substitute a party, (Docket #33), and to compel discovery responses, (Docket #42).

affirmative defenses are not favored "and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co., Inc.*, 944 F.3d 1388, 1400 (7th Cir. 1991). In considering a motion to strike, the Court "views the challenged pleadings in the light most favorable to the non-moving party. Moreover, motions to strike will generally be denied unless the portion of the pleading at issue is prejudicial." *McGinn v. J.B. Hunt Transport, Inc.*, No. 10-CV-610-JPS, 2010 WL 4363419, at *1 (E.D. Wis. Oct. 27, 2010) (citation omitted). Plaintiff's motion to strike must be denied for two reasons. First, when viewing Defendants' allegations most favorably to them, they pass the low bar set for pleading affirmative defenses. Defendants are entitled to present any appropriate defenses on their merits. Second, Plaintiff raises no concerns with regard to prejudice.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a *Pavey* hearing (Docket #25) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (Docket #29) be and the same is hereby **DENIED**.

---

[2]Defendants appear to believe that the Court has not screened Plaintiff's amended complaint. (Docket #39 at 4; Docket #40 at 1). Defendants are incorrect. (Docket #20 at 1). Plaintiff's amended complaint is his operative pleading. (Docket #26).

Dated at Milwaukee, Wisconsin, this 24th day of May, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge