# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL L. WINSTON,

                Plaintiff,

v.

MICHAEL HANNAH, LT. TOWNS, ERIN QUANDT, OFFICER DANZLER, and OFFICER EMANUELE,

                Defendants.

Case No. 16-CV-1420-JPS

**ORDER**

        The Court addresses each of Plaintiff's pending motions. On May 10, 2017, Plaintiff filed a motion to "change case caption to Officer Carroll [sic] Dismissing Emanuelle[.]" (Docket #33). Plaintiff states that a different correctional officer, Matthew Carroll ("Carroll"), should be substituted in this matter in place of the current defendant Officer Emanuele ("Emanuele"). *Id.* Federal Rule of Civil Procedure ("FRCP") 15 governs amendment of pleadings, which this motion in essence requests. Amendment at this stage of the litigation may only be done with the opposing party's consent or with the court's leave, which should be given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

        Defendants oppose the motion because it 1) does not include a proposed amended complaint, and 2) was offered beyond the Court's deadline for amendment of pleadings. The Court agrees with Defendants on both accounts. The trial scheduling order in this matter, issued in February of this year, set the deadline for amendment of pleadings as March 10, 2017. (Docket #13 at 1). The Court has already generously

allowed Plaintiff to amend his complaint once after that deadline. *See* (Docket #20). Justice does not require doing so yet again, even farther removed from the amendment deadline which has been in place for months. Moreover, neither in his opening motion materials nor in his reply did Plaintiff actually provide an amended complaint. *See* (Docket #33 and #48). Plaintiff was warned that amended pleadings must be complete in and of themselves; simply substituting a person's name into a prior pleading via a motion is not permitted. (Docket #13 at 1); *see* Civil L. R. 15(a) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). The Court will, therefore, deny Plaintiff's request to substitute parties.

Relatedly, on June 19, 2017, Plaintiff filed a motion to "strike" his summary judgment motion, which had been submitted on April 11, 2017. (Motion to Strike, Docket #51; Motion for Summary Judgment, Docket #21). He makes this request because the summary judgment materials reference Emanuele rather than Carroll. (Docket #51). Because FRCP 12(f), the rule governing motions to strike, does not apply here, the Court will instead treat the motion as one to withdraw Plaintiff's prior summary judgment filing. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Though the Court has denied Plaintiff's request to substitute Carroll into this action, it will grant the motion to withdraw the summary judgment materials. The summary judgment motion will be

denied without prejudice, such that Plaintiff may re-file it if he feels it is appropriate.[1]

In the same vein, Plaintiff's June 30, 2017 motion to dismiss Defendants Michael Hannah, Lt. Towns, and Emanuele will be granted. (Docket #77). Plaintiff asks that the Court "grant summary judgment" as to those defendants, though they have not yet requested it. *Id.* The Court will instead dismiss those defendants from this action with prejudice; the late stage of these proceedings, in conjunction with the language of Plaintiff's motion, makes such a dismissal appropriate.

In the midst of these pleading issues, Plaintiff filed a motion to compel on May 19, 2017. (Docket #42). He later filed a "supplement" to that motion on June 5, 2017, seeking an order compelling responses to entirely different discovery requests. (Docket #46).[2] The motion must be denied for Plaintiff's failure to comply with Civil Local Rule 37, which governs such discovery motions. It provides:

> All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be

---

[1]Plaintiff filed "replies" in support of his summary judgment motion, as well as related evidentiary materials, on June 29 and 30, 2017. (Docket #69, #70, #71, #74, #75, and #76). It appears that these documents may be intended to also serve as responses to Defendants' motions for summary judgment. To the extent that this is correct, Plaintiff should note that his "replies" are rendered moot, along with the rest of his summary judgment materials. If he wishes to offer a response to Defendants' motions, he must do so by a separate brief in accordance with the applicable local and federal rules of procedure. *See* Civil L. R. 56, Fed. R. Civ. P. 56.

[2]Plaintiff offers no citation to a case or procedural rule suggesting that it is acceptable to "supplement" a motion weeks after it was originally filed. However, because the "supplement" fails on the same ground as the original motion, the Court need not fully explore how Plaintiff's improper filing should be treated. The Court nevertheless notes for Plaintiff's benefit that he should avoid "supplements" to motions in the future; it is highly likely that they would simply be ignored.

accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

Civil L. R. 37. Neither of Plaintiff's submissions contain a certification which comes near to compliance with this rule. *See* (Docket #42 at 2) ("I have tried to obtain the above information from the defendants without success and believe that without assistance from the Court I will not be able to."); (Docket #46 at 2) ("The defendants have failed to produce this information as stated and the plaintiff does not believe defendants will produce the information without instruction from the Court to do so.").

Plaintiff belatedly attempts to save his motion to compel in his reply. He states that certain postage disbursement requests prove that he sent letters to opposing counsel about his discovery issues (he does not have copies of the letters). (Docket #49 at 1-2). Even if the Court assumes that the letters conveyed Plaintiff's dissatisfaction (opposing counsel does not think so), this does not forgive Plaintiff's failure to include the necessary certification in opening brief of the motion. The motion to compel will, therefore, be denied.

Next, on June 29, 2017, Plaintiff filed a second, expedited motion for a *Pavey* hearing to discuss Defendants' "exhaustion of remedies" affirmative defense. (Docket #72). This motion will be denied for two reasons. First, expedited motions are not permitted in prisoner civil litigation. *See* Civil L. R. 7(h)(3) ("The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons

proceeding pro se."). Second, as the Court noted previously, it sees no need for a hearing on the matter. *See* (Docket #44). The issue will be decided on the parties' written submissions. Finally, on that same date, Plaintiff filed an expedited motion to "set aside response to Plaintiff to Defendants Erin Quandt motion for summary judgment." (Docket #68). This motion must likewise be denied as an improper use of the expedited motion procedure. Further, this motion is premised on the Court granting Plaintiff's request for a hearing, which has already been denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to substitute parties (Docket #33) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw his summary judgment materials (Docket #51) be and the same is hereby **GRANTED**, and his motion for summary judgment (Docket #21) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Docket #42) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's expedited motion for a *Pavey* hearing (Docket #72) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's expedited motion to set aside his summary judgment response deadline (Docket #68) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss Defendants Michael Hannah, Lt. Towns, and Officer Emanuele from this action (Docket #77) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge